SMITH, Justice:
Robert Daniels was tried in the Circuit Court of Clay County upon an indictment charging him with the murder of James L. Collins. He was convicted of that offense and appeals.
The circumstances of the episode in the course of which the homicide was committed appear in some detail in the opinion of the Court in Daniels v. State of Mississippi, reported at 293 So.2d 19 (Miss., 1974).
Appellant, Robert Daniels, and James E. Daniels, are brothers. On the fatal night, Robert Daniels and James E. Daniels, with relatives and friends, had gone to the American Legion Lodge. The victim, James L. Collins, accompanied by his sister, brother and others, was there. A dispute arose between Collins’ sister and a female relative of the Daniels about a chair. This degenerated into a fight between the women. Both appellant, Robert Daniels and his brother, James E. Daniels, had come there armed with pistols. There was testimony that both Robert Daniels and James E. Daniels drew their pistols and began firing at James E. Collins, who *444 was struck by a bullet and later died from the effects of his wound. The testimony of the witnesses as to the shooting conflicts irreconcilably. However, there was sufficient evidence to support a finding that a family quarrel and fight broke out between members of the Daniels and Collins families and that the two Daniels brothers drew their weapons and began shooting at James Collins, who was unarmed, one bullet wounding him fatally. The court properly declined to direct a verdict of acquittal.
We have read Instruction Number 8, granted at the request of the prosecution. Also, we have examined and considered appellant’s criticism of the instruction in that, it is argued, it improperly permitted the jury to find, without evidence to support it, that, in their firing at Collins, appeellant and his brother were acting in concert, with a common purpose and design. Such a finding by the jury was amply justified by the evidence.
Complaint also is made of the refusal of the trial court to grant Instructions 9 and 10, requested on behalf of appellant. The principle attempted to be stated in these instructions is correctly covered by other instructions given the jury. Moreover, the question for the jury to resolve was whether Daniels was guilty of murder, manslaughter or was not guilty of any offense. Both of the requested instructions improperly told the jury that it was its duty to acquit appellant if it should find him not guilty of murder, precluding consideration of the question of his guilt of manslaughter which was a question properly before the jury.
We find no reversible error in the record and the judgment of conviction appealed from must be affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.